UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| OASIS INTERNATIONAL WATERS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-707C (Judge Horn) |
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S SUPPLEMENTAL SUBMISSION ON SPOLIATION**

Pursuant to the Court's order during the Plaintiff's opening statement, Plaintiff Oasis International Waters, Inc. ("Oasis") submits the following regarding the adverse inferences and other sanctions that Oasis requests as a result of the Defendant's spoliation of evidence.

**I.     Adverse Inferences**

Oasis will introduce evidence that individuals within the military working on this Contract frequently communicated among themselves via email. Oasis will also demonstrate that Government spoliation of evidence led to very few of those emails being preserved and produced in the course of this litigation. As a result, Oasis asks for the following adverse inferences, which represent "plausible, concrete suggestions as to what [the discarded] evidence might have been." *See*, *Chapman Law Firm, LPA v. United States*, 113 Fed. Cl. 555, 610 (Fed. Cl. 2013) (*quoting K–Con Bldg. Sys., Inc. v. United States,* 106 Fed. Cl. 652, 666 (2012) (alteration in original)).

1. The Government intended to award a services contract.

2. The Government intended to award a contract for capability, not for water.

3. Individuals within Joint Contracting Command – Iraq (JCC-I) believed that Oasis was entitled to $50,225,000 Base Year Firm Fixed Price payment in exchange for establishing the water-bottling capability, with no requirement to produce water.

4. The Government drafted P00003 for the purpose of converting the contract to a commodity contract for the purchase of bottled water.

5. Contracting officers were instructed by their superiors to only pay for water during the Base Year.

6. Contracting Officers were directed by their superiors to issue modifications that changed the Contract structure to Oasis' detriment.

7. The Government issues P00006 solely for the purpose of resolving its own funding issues.

8. Col. Richardson was directed by her superiors to extract concessions from Oasis in exchange for P00011.

9. The Government knew Oasis would have no choice but to accept modifications P00006 and P00011.

10. The Government believed that there was at least $2M of validity to Oasis' claim.

11. The Government, not Oasis, proposed "trading" the claim for the follow-on contract.

## II.    Other Sanctions

Oasis requests that the Government be precluded from introducing or using any internal Oasis documents (*i.e.*, documents generated by Oasis or its employees and not shared outside of Oasis until production in this litigation) in support of its counterclaim. This sanction is closely related to the wrong committed by the Government and "prevent[s] it from benefitting from the destruction of the records." *See United Med. Supply Co., Inc. v. United States*, 77 Fed. Cl. 257, 275 (Fed. Cl. 2007). In *United Medical Supply*, the Court fashioned an evidentiary remedy to limit the damage from the Defendant's spoliation, and Oasis submits that this is appropriate here.

With respect to the Counterclaim, the Government's primary contention is that Oasis' entire contract theory is a post-hoc invention. Oasis will introduce evidence to rebut this – specifically, that it held its views during contract performance, that it communicated these views to the Government, and that certain individuals within the Government shared these views. The Government will be able to cross-examine Oasis' witnesses using contemporaneous emails.

However, because of the Government's spoliation, Oasis will not have the ability to do this to the Government's witnesses. This is prejudicial to Oasis. A fair solution that reduces this prejudice is to level the playing field by prohibiting the Government from making use of Oasis's documents in support of its counterclaim, where it has denied Oasis the opportunity to use the Government's documents in its defense.

In addition, Oasis reserves its rights to (1) ask for additional adverse inferences based on the evidence presented at trial; and to ask for sanctions other than those discussed above, including but not limited to (2) costs incurred as a result of the Government's spoliation of evidence; and/or (3) the dismissal of the Government's counterclaim. Oasis believes that these issues of spoliation lend themselves particularly well to post-trial motions or briefing, particularly since the evidence will then be fully developed with respect to what documents may have been spoliated. And, to the extent that Oasis' and the Government's witnesses can testify to the existence and likely subject matters of contemporaneous emails, addressing this issue after hearing the testimony will aid the Court in fashioning appropriate adverse inferences from the spoliated documents.

Respectfully submitted,

July 28, 2014
/s/ LAURENCE SCHOR
ASMAR, SCHOR & MCKENNA, PLLC
5335 Wisconsin Ave, NW, Suite 400
Washington, DC  20015
(202) 244-4264
(202) 686-3567 (facsimile)
lschor@asm-law.com
*Counsel of Record for Oasis International Waters, Inc.*

Of Counsel
Susan L. Schor (sschor@asm-law.com)
Susan W. Ebner (sebner@asm-law.com)
Dennis C. Ehlers (dehlers@asm-law.com)
David A. Edelstein (dedelstein@asm-law.com)
Robert D. Pratt (rpratt@asm-law.com)
Asmar, Schor & McKenna, PLLC
5335 Wisconsin Ave, NW
Suite 400
Washington, DC  20015
(202) 244-4264
(202) 686-3567 (facsimile)

## CERTIFICATE OF FILING

     I hereby certify that on the 28th day of July, 2014, a copy of the foregoing Supplemental Submission on Spoliation was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                /s/ Laurence Schor